JOHN E. CHANDLER *vs.* CHARLES N. SIMMONS.

A petitioner for partition cannot recover rents, profits or other damages under the Gen. Sts. *c.* 136, § 46, unless the respondent denies his right and title to some part of the premises.

PETITION to the superior court for partition of land in Dighton. The respondent did not deny the right and title of the petitioner to any part of the premises claimed by him. Partition was ordered, and upon the return of the report of the commissioners making it the petitioner claimed that damages should be paid to him by the respondent " for the rents and profits of the common estate while he had been in possession thereof, up to the time of filing the petition, and also for any waste or destruction of the property belonging to the estate by cutting and removing wood therefrom, or in any other manner, during such time, under the provisions of the Gen. Sts. *c.* 136, § 46 ; " and *Wilkinson*, J., disallowed the claim, on the ground that it did not come within the provisions of the statute ; to which disallowance the petitioner alleged exceptions.

*J. H. Dean*, for the petitioner.

*W. H. Fox*, for the respondent.

MORTON, J. This case presents a narrow question of the construction of section 46 of chapter 136 of the General Statutes, which is as follows : " If the plaintiff or petitioner recovers judgment in any suit or other process of partition in which it appears by the pleadings that the defendant or respondent denies the right

and title of the plaintiff or petitioner to any part of the premises, and claims the same as his own estate in fee, and it is proved that the defendant or respondent held the same under a title which he believed to be good, he shall be entitled to compensation for the value of any buildings or improvements on the premises made or erected by himself or any other person under whom he claims; such value to be ascertained as provided for tenants in real actions by chapter one hundred and thirty-four; and in like manner he shall be liable for the plaintiff or petitioner's share of the rents, profits and other damages, mentioned in said chapter."

The petitioner claims that, under the last clause of this section, every plaintiff in a petition of partition may recover such damages for rents, profits and waste as he has sustained; but such, we think, is not its true construction.

This and the following section are a reënactment of the St. of 1850, *c.* 278, without any material change. The St. of 1850 was passed soon after the decision of the case of *Marshall* v. *Crehore*, 13 Met. 462, in which it was held that a respondent in a process of partition, who has entered under a title which he believed to be good, had no remedy for his improvements. The object of the statute was to remedy this injustice, and by the obvious construction of its language it is applicable only to cases in which the respondent denies the petitioner's title, and in which it appears that he held under a title which he believed to be good. In all other cases the parties are left to their remedies, as they existed prior to the act. In the provision that "in like manner he shall be liable for the plaintiff or petitioner's share of the rents, profits and other damages," the pronoun "he," by the obvious, if not necessary, construction, refers to the respondent before described. It would be a forced and unnatural construction, to give to this provision the same effect as if it had been an independent provision, that every respondent in a process of partition should be liable for the petitioner's share of the rents, profits and other damages.

In the case at bar, the respondent did not deny the right and title of the petitioner to any part of the premises, and therefore the ruling that the case was not within the provisions of the statute was correct. *Exceptions overruled.*