HANNAH HUSBAND *vs*. JEREMIAH K. ALDRICH.

Bristol.   Oct. 25, 1882. — Sept. 6, 1883.   C. ALLEN, COLBURN & HOLMES,
JJ., absent.

This court has no jurisdiction in equity to order partition of land between tenants
in common.

Under the Gen. Sts. *c*. 136, a tenant in common of land, who has erected a house
upon the land without the knowledge or consent of his cotenant, is not entitled
to have partition made of the land without the house, and to have that part of
the land on which the house stands set off to him.

W. ALLEN, J.   The plaintiff, a tenant in common of land,
seeks partition thereof in equity.   The plaintiff's husband built
a house upon a part of the land, and the plaintiff seeks by this
bill to have that part assigned to her, without including the
value of the building in the partition.   The Gen. Sts. *c*. 136, § 1,
which reënacted earlier statutes, — Rev. Sts. *c*. 103; Sts. 1783,
*c*. 41; 1785, *c*. 62, § 2; — provided that "persons holding lands
as joint tenants, coparceners, or tenants in common, may be
compelled to divide the same, either by writ of partition at the
common law or in the manner provided in this chapter;" and
particular and minute provisions are made for such partition.
No provision was made for compensation for betterments or
improvements made by a cotenant; and it was held in *Marshall*
v. *Crehore*, 13 Met. 462, that, although a tenant in common who
was disseised could maintain the statutory process for partition,
the respondent could have no remedy for improvements he had
made on the premises to be divided.   Soon after that decision,
the St. of 1850, *c*. 278, was passed, which provided that when,
"in any writ, or other process of partition," the respondent or
defendant denied the right of the petitioner or plaintiff, and
claimed the estate himself, and had held the same under a title
which he believed to be good, he should be entitled to compen-
sation for buildings or improvements.   The plaintiff does not
come within the provisions of this statute, (which were reën-
acted in the Gen. Sts. *c*. 136, § 46,) because he cannot deny the
defendant's title.   *Chandler* v. *Simmons*, 105 Mass. 412.

As the house was erected without the consent or knowledge
of the defendant, it must be treated as part of the land in a

partition at common law or under the statute. *Aldrich* v. *Husband*, 131 Mass. 480. The plaintiff contends that she has a right to have partition made of the land without the house, and to have the part of the land on which the house stands set off to her; and that, as in partition at law the house must be treated as part of the land to be divided and no allowance can be made to her for it, her remedy at law is imperfect, and she has a right to relief in equity. It is not necessary to consider whether the plaintiff has shown a title to the relief she seeks, which would be recognized by a court of equity having jurisdiction of the partition of lands concurrently with courts of law, because we think that this court does not have such jurisdiction. The statute excludes both that jurisdiction and the right which the plaintiff contends for. Even if jurisdiction exists in equity to make partition of lands of which partition cannot be made at law, as was suggested in *Adam* v. *Briggs Iron Co.* 7 Cush. 361, the statute excludes, by clear implication, such jurisdiction as to lands which are subject to its provisions.

The statute also excludes the right which the plaintiff claims. Its plain intendment is, that partition shall be made of land without regard to the state of the account between the cotenants for improvements or erections upon it, and that a part owner may have his part of the land set off to him, although he may not have paid as much for it in proportion as his cotenant paid, and although he may be indebted to his cotenant for improvements upon the land. Any right to a partition, not according to the interest of the tenants in the land, but according to the improvements made upon the common property by them, is excluded.                                              *Bill dismissed.*

*E. H. Bennett*, for the plaintiff.

*W. H. Fox*, ( *W. E. Fuller* with him,) for the defendant.