## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

CATHERINE McCARTY & others *vs.* JANE PATTERSON & others.

Suffolk.    January 11, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Partition.    Jurisdiction.    Receiver.*

Under Pub. Sts. c. 178, § 64, (R. L. c. 184, § 46,) providing that when proceedings for partition are lawfully commenced in either the Probate Court or the Superior Court "the court in which they are so commenced shall retain jurisdiction of the case, saving the right of appeal in all cases where an appeal is allowed by law", if a petition for partition in the Probate Court is dismissed without prejudice at the request of the petitioners and no appeal is taken within the time required by law, the petitioners have a right to file a new petition in the Superior Court.

On a petition for partition of real estate belonging to the heirs of an estate not yet settled there is no occasion for the appointment of a receiver. Whether in such a case the court has power to appoint a receiver even with the assent of all the parties, *quære.*

On a petition for partition the right of the petitioners to have a partition made is not affected by an error of the trial judge in appointing a receiver without power to do so, nor by the fact that there are attachments upon the shares of some of the petitioners.

PETITION, filed in the Superior Court for the county of Suffolk on July 29, 1901, under Pub. Sts. c. 178, for partition of

certain real estate in Boston which belonged to Jane Nugent at the time of her death.

In the Superior Court the case was heard by *Schofield*, J., who found that the petitioners were entitled to a partition. He made an interlocutory order for a partition and ordered that the partition be made by a sale at public auction. The respondents Jane Patterson, Charles B. Woolley and Frank Nugent appealed.

As the appeals from the interlocutory orders might affect the price bid at the auction, and might, if sustained, invalidate the sale of the property ordered by him, the judge was of opinion that the validity of such orders ought to be determined by this court before any further proceedings in the Superior Court, and with the consent of counsel on both sides reported the case for such determination. If the orders and decrees appealed from were right, they were to stand and the sale was to be made by the commissioner in accordance with the order of the Superior Court; otherwise, they were to be set aside, and such order or decree was to be entered as justice and equity might require.

*T. F. Meehan*, for the respondents.

*W. Keyes*, for the petitioners.

LATHROP, J.   This is a petition to the Superior Court, filed July 29, 1901, for the partition of certain parcels of land in Boston, by eight of the ten heirs at law of Jane Nugent, deceased. The respondents are the other two heirs at law and certain creditors. The principal defence appears to be that on June 10, 1901, a petition was filed in the Probate Court for partition, and this petition, after a hearing, was dismissed, at the request of the petitioners, without prejudice, and a decree was entered accordingly. No appeal was taken from this decree. The Probate Court had jurisdiction of this petition, Pub. Sts. c. 178, §§ 45, 48, whether the estate had been settled or was in course of settlement. But this jurisdiction was concurrent with that of the Superior Court, by § 45.

The contention of the respondents is that, as it is provided by the Pub. Sts. c. 178, § 64: " When proceedings for obtaining partition are lawfully commenced in either of the courts men-

tioned in this chapter, the court in which they are so commenced shall retain jurisdiction of the case, saving the right of appeal in all cases where an appeal is allowed by law," the Probate Court still has jurisdiction, and the Superior Court had no authority to entertain the present petition. But when the petition was dismissed in the Probate Court, and no appeal was taken within the time required by law, the petitioners had a right to apply to the Superior Court.

The remaining objection of the respondents is that the Superior Court had no power to appoint a receiver. The facts in regard to this are that on October 8, 1901, the cause was continued *nisi,* and on April 13, 1903, this order was vacated, and the case heard. The judge found that the petitioners were entitled to have partition made ; that it was practically impossible to set off to each owner his share by metes and bounds, and ordered a partition by sale at public auction. An interlocutory order to this effect was made on October 17, 1903. The judge had previously, on August 28, 1901, appointed a receiver to collect the rents and profits of the estate from the tenants in possession.

The appointment of the receiver and the delay in the case were probably caused by the supposition that partition could not be had until the estate was settled. But three months before the order appointing the receiver was made, this court had decided that a partition might be made before the estate was settled. *O'Brien* v. *Mahoney,* 179 Mass. 200. There was therefore no occasion for the appointment of a receiver ; and it may well be doubted whether the judge had any power to appoint a receiver, even with the assent of all the parties.

In *Blood* v. *Blood,* 110 Mass. 545, it was said by Mr. Justice Gray : "It is of the very essence of a tenancy in common, that the tenants have each and equally the right to occupy the property and take the profits." In this case the court refused to entertain a bill in equity, between two tenants in common, praying for an injunction and for the appointment of a receiver. See also *Husband* v. *Aldrich,* 135 Mass. 317.

If, however, the judge below erred in this respect, we are of opinion that this does not in any way affect the right of the petitioners to have a partition made.

Nor does the fact that there are attachments upon the shares of some of the petitioners in suits now pending, affect the rights of the petitioners to a partition.

*Decree for partition affirmed.*