CHARLES A. CLOUGH & others *vs.* EMMA F. CROMWELL
& others.

DUNCAN A. CARMICHAEL & others *vs.* SAME.

Dukes County.   October 26, 1925. — November 30, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Partition.   Probate Court,* Petition for partition, Demurrer, Waiver of
     defect in petition, Exceptions.   *Great Pond.   Easement.   Evidence,*
     Competency.

While, in a single proceeding in the Probate Court for the partition of land,
     it is improper to join parcels of land owned by different persons in
     different proportions, if the respondents proceed to trial on the merits
     of a partition making such misjoinder, without objection on the ground
     of such misjoinder, they must be taken to have waived the defect.
At the hearing of a petition for partition of land bordering on a great pond,
     where an issue was, whether there should be a physical partition of the
     land or a partition by sale, the respondents asked for a ruling that
     "Ownership of the land adjoining the great ponds does not carry with
     it any exclusive rights to shoot over the ponds which can be considered
     by the court in deciding the issue before it."   The judge did not give
     that ruling in terms, but, at the respondents' request, ruled that "The
     public has a right to pass over the lands of the parties for access to the
     great ponds for shooting and fishing therein in a lawful manner."
     *Held,* that the ruling given in substance covered the ruling not given,
     and that the respondents were not harmed by the failure to give in
     terms the first ruling asked.
At the hearing above described, the value of two lots of land which were the
     subject of the petition was an issue, and the respondents offered and the
     judge, subject to exception by the respondents, excluded an agreement
     in writing between the petitioners and one deceased, who formerly had
     been a respondent, which provided that in case of partition by sale the
     members of a certain club should buy at the sale the lots owned in
     common by the deceased respondent for a price not exceeding $24,000;
     and that they would then immediately deed to the deceased respondent
     the same interests in the land which he formerly owned.   The com-
     missioners appraised one of these lots for $11,500 and the other for
     $1,000.   *Held,* that, even if the agreement were admissible for any
     purpose, which was not decided, its exclusion did not injuriously affect
     the substantial rights of the respondents, and the exception must be
     overruled under G. L. c. 231, § 132, which was applicable to partition
     proceedings in the Probate Court.
Where, at the hearing of the above described petition for partition of
     several lots, the judge had before him the dimensions of each lot, its

location, the various interests of the respective owners, and evidence that the different tracts were valuable for practically one purpose only, namely, for their shooting privileges; and found that the lands owned by all the various tenants in common "will be best served by a sale thereof," it could not be said, as a matter of law, on appeal by the respondents, that the judge had failed to consider the interest in the tracts of the respective owners.

Two PETITIONS for partition of real estate in West Tisbury and Edgartown, filed in the Probate Court for the county of Dukes County respectively on May 8, 1922, and on June 27, 1922, as described in the opinion.

The petitions previously were before this court on appeals by the respondents from decrees entered in the Probate Court by order of *Davis*, J., ordering sales, and are reported in 250 Mass. 324.

After rescript, there were further hearings before *Davis*, J., by whose order decrees were entered ordering sales, and the respondents appealed.

*G. M. Poland*, (*A. W. Davis* with him,) for the respondents.
*T. F. O'Brien*, for the petitioners.

CROSBY, J. An appeal was entered in each of these cases from an interlocutory decree on a petition for partition of lands on Martha's Vineyard, wherein the Probate Court ordered a sale of the lands at auction. The cases were previously before this court (250 Mass. 324) and were afterwards again heard in the Probate Court; at that hearing the petitioners asked that partition be made by sale, on the ground that the lands could not be advantageously divided. The judge of probate entered a decree in each case for a sale of the lands, and the respondents severally appealed. The cases are before us because of the refusal of the court to rule in accordance with the respondents' tenth request; to the exclusion of a certain agreement offered in evidence by the respondents; and because the decrees for sale are alleged to be erroneous. The facts are fully set forth in the previous decision and need not be here repeated.

1. The question raised is whether it is proper to join parcels of land owned by different persons, in different proportions, in proceedings for partition. That was decided in substance in *Hunnewell* v. *Taylor*, 3 Gray, 111, where it was

held that a petitioner who holds two parcels of land in different proportions, one as cotenant with A, and the other as cotenant with B and C, could not have judgment for partition of both on one petition, even if he owned the same proportional part in each parcel.

Before the enactment of R. L. c. 184, proceedings relating to partition were by writ of partition at common law, or by statute. "The Gen. Sts. c. 136, § 1, which reënacted earlier statutes, — Rev. Sts. c. 103; Sts. 1783, c. 41; 1785, c. 62, § 2; — provided that 'persons holding lands as joint tenants, copartners, or tenants in common, may be compelled to divide the same, either by writ of partition at the common law or in the manner provided in this chapter;' and particular and minute provisions are made for such partition." Before the enactment of R. L. c. 184, no jurisdiction in equity existed to order partition. *Husband* v. *Aldrich,* 135 Mass. 317. *Moseley* v. *Bolster,* 201 Mass. 135, 142. R. L. c. 184, § 1 abolished the writ of partition at common law, and provided, in § 2, that such proceedings should be by petition in the Superior Court; and, by § 31, that probate courts should have concurrent jurisdiction with the Superior Court of such petitions if the shares were not in dispute or uncertain. Since the enactment of St. 1910, c. 100, the Probate Court has had jurisdiction in equity over all matters relating to the partition of land, and, in case of sale, over the distribution of the proceeds thereof. St. 1917, c. 279, § 26. G. L. c. 241, § 25.

It is settled that, at common law where there was a misjoinder, the only proper mode of taking advantage of such a defect is by demurrer or motion in arrest of judgment. Under the practice act, it can be done only by demurrer. In the case at bar the respondents did not demur to the petitions but proceeded to trial on the merits; they thereby waived the defect. *Barlow* v. *Leavitt,* 12 Cush. 483, 484. *Commonwealth* v. *Dracut,* 8 Gray, 455, 458. *Hillman* v. *Whitney,* 2 Allen, 268, 269. In the case last cited it was said: "The objection now made by the defendant, that here was a misjoinder of counts, comes too late to be heard. It should have been made by demurrer, or otherwise, before trial." *Bullock* v. *Hayward,* 10 Allen, 460, 462. *Marston* v. *Phipps,*

209 Mass. 552, 555.  *Lowrie* v. *Castle,* 225 Mass. 37, 40.
These cases were decided under statutes substantially the
same as G. L. c. 231, § 18, but of an earlier date.  As the
jurisdiction of the court in the cases at bar is in equity, it
follows that the procedure must conform to the principles
applied in chancery.  As there was a misjoinder of distinct
interests, the petitions on demurrer would have been held
multifarious, *Keith* v. *Keith,* 143 Mass. 262, 264, but a defect
of this kind is waived in equity, as it is at law, by failure of
the respondents to object seasonably thereto by proper
procedure.  *United Shoe Machinery Co.* v. *Holt,* 185 Mass. 97.
*Saltman* v. *Nesson,* 201 Mass. 534, 539, 540.

2. The respondents contend that the judge erred in re-
fusing to rule in accordance with their tenth request that
"Ownership of the land adjoining the great ponds does not
carry with it any exclusive rights to shoot over the ponds
which can be considered by the court in deciding the issue
before it."  The request embodies a correct statement of
the law.  No person has any exclusive rights to shoot over
the great ponds.  It seems plain that that principle was
recognized by the judge when he ruled, in accordance with
the respondents' eleventh request, that "The public has a
right to pass over the lands of the parties for access to the
great ponds for shooting and fishing therein in a lawful
manner."  This ruling in substance covered the tenth re-
quest.  *Randall* v. *Chase,* 133 Mass. 210.  *Commonwealth* v.
*Mullen,* 150 Mass. 394, 400.  Although a stranger could not
lawfully fish or shoot while standing on the land of an abut-
ting owner, yet he has the right to pass over such land to
obtain access to the pond, and thereon may fish and shoot
in any lawful manner.

3. The judge excluded an agreement between the peti-
tioners and one Look, who was one of the original respond-
ents, but has since deceased.  This agreement provided that
in case of partition by sale the members of a certain club
should buy at the sale the lots owned in common by Look
for a price not exceeding $24,000; and that they would then
immediately deed to Look the same interests in the land
which he formerly owned.  The lands referred to in the

agreement were two lots on the east side of Watcha Pond, in which Look owned three quarters of one lot, and one half of the other, the title in equal shares to the remainder being in other parties who are described in the Carmichael petition. The commissioners appraised one of these lots for $11,500 and the other for $1,000. It is difficult to find a good reason for holding that the agreement was admissible for any purpose; if, however, it be conceded that it was competent to affect the credibility of the testimony of witnesses called by the petitioners as to the value of the lands, its exclusion did not injuriously affect the substantial rights of the respondents. G. L. c. 231, § 132. The statute last cited is held to be applicable to suits in equity. *Corey* v. *Tuttle,* 249 Mass. 135, 137, 138. See also *Freeman* v. *Robinson,* 238 Mass. 449, 452; *Koch* v. *Lynch,* 247 Mass. 459, 462; *Northern Industrial Chemical Co.* v. *Director General of Railroads,* 249 Mass. 246, 256.

4. The appellants' contention, that the findings and rulings on partition by sale are wrong, is untenable. There was evidence from which it could have been found that the lands described in the petitions had little value except for shooting purposes. There was testimony that ninety per cent of the value of the entire property lies in the shooting privileges. Whether it could be advantageously divided was a question of fact to be decided by the trial judge upon all the evidence, including its value for shooting purposes; it was also for him to decide what damage thereto, if any, would be caused by a physical division. *Clough* v. *Cromwell, supra.* The respondents contend that the finding of the judge rests upon evidence as to the effect of a set-off of the entire property, when it should have been based upon the condition and value of each tract; and that no evidence was offered as to the effect of such a set-off. The judge had before him the dimensions of each lot, its location, the various interests of the respective owners, and the evidence that the different tracts were almost wholly valuable for one purpose, namely, for their shooting privileges; and found that the lands owned by all the various tenants in common "will be best served by a sale thereof . . ." On this record it cannot be said as

matter of law that he failed to consider the interests of the respective owners in the tracts. If a division by partition of the different parcels would cause great damage and loss to the owners, as the judge has found, we cannot say that he was not amply justified in ordering a sale of all the lands, and a division of the proceeds in proper proportions. As was said in *Heald* v. *Kennard;* 180 Mass. 521, at page 523, "We cannot say that . . . [the judge] was wrong in finding that the practical advantages were so greatly in favor of a sale that it ought to be ordered."

As there was no error of law in the findings or rulings, entry must be

*Decrees affirmed.*