Frances B. Young *vs.* Milaja Paquette.

Bristol.    October 28, 1957. — January 22, 1958.

Present: Wilkins, C.J., Spalding, Williams, Counihan, & Whittemore, JJ.

*Probate Court,* Jury issues, Judicial discretion, Partition. *Equity Pleading and Practice,* Jury issues, Judicial discretion. *Real Property,* Partition.

The disposition of a motion for jury issues in a partition proceeding in a Probate Court rests in the discretion of the court.

PETITION for partition, filed in the Probate Court for the county of Bristol on September 12, 1956.

A motion for jury issues was denied by *Mullaney, J.*

*George B. Goodman & Joel Goodman,* for the respondent, submitted a brief.

*Solomon Rosenberg,* for the petitioner.

COUNIHAN, J.   This is an appeal by the respondent from an order of a judge of the Probate Court denying a motion to frame jury issues.   It comes directly to this court under G. L. (Ter. Ed.) c. 215, § 22, without waiting until the case is ripe for a final decree.   *Fuller* v. *Sylvia,* 240 Mass. 49, 51.

The motion for jury issues was made in proceedings on a petition filed by the petitioner in the Probate Court seeking partition of two parcels of real estate in New Bedford. G. L. (Ter. Ed.) c. 241, §§ 1, 2, 25.   The petition alleged that such real estate was owned equally by the petitioner and the respondent as tenants in common.

The answer of the respondent denied that the petitioner held as a tenant in common any of the real estate described in the petition and further alleged that any interest in such real estate which may appear of record in the name of the petitioner was obtained by her by her fraud, duress, or undue influence and is therefore of no effect against the respondent.   The motion for jury issues was addressed to this aspect of the case.   The motion was heard on oral statements of counsel.

Indorsed on the motion are the words "Motion denied. Beatrice H. Mullaney, Judge of Probate Court," and in her report of material facts she stated that "in my discretion I denied the motion for jury issues."   There was no error.

The governing law in partition proceedings is G. L. (Ter. Ed.) c. 241.   Under § 2 the Probate Court has exclusive jurisdiction of petitions for partition.   Under § 25 the Probate Court in which such a petition has been brought shall have jurisdiction in equity over all matters relating to the partition.   In *Clough* v. *Cromwell,* 254 Mass. 132, 134, it is pointed out that partition was formerly had by writ of partition at common law.   This was abolished by R. L. c. 184,

§ 1. "Since the enactment of St. 1910, c. 100, the Probate Court has had jurisdiction in equity over all matters relating to the partition of land . . . ." On page 135 it was further said, "As the jurisdiction . . . in the cases at bar is in equity, it follows that the procedure must conform to the principles applied in chancery."

The case before us resembles *Marcoux* v. *Charroux*, 329 Mass. 687, a case, however, in which the judge erroneously denied a motion for jury issues as matter of law so that his action was reversed. Partition proceedings were not there involved. But what was said at pages 688–689 seems to us to be decisive of the present case. "The power of the Probate Court to frame jury issues extends to such a case as this, since by G. L. (Ter. Ed.) c. 215, § 16, that power extends to 'any proceeding.' But by the terms of that same statute the power must be exercised 'in accordance with the practice established by the supreme judicial court in like cases.' The practice established by the Supreme Judicial Court before the year 1919, when the statute was originally enacted as St. 1919, c. 274, § 7, and since maintained, with respect to jury issues in suits in equity was and is that, while such issues are seldom actually granted, the court possesses, and on rare occasions for reasons deemed sufficient exercises, a discretionary power to grant them if justice seems to require it. This was the conclusion reached after most careful consideration in *Parker* v. *Simpson*, 180 Mass. 334, 344–356 . . . . Manifestly then the respondent could not insist upon a jury as a matter of right."

Costs and expenses of this appeal, including reasonable counsel fees, shall be allowed the petitioner in the discretion of the Probate Court.

*Order denying jury issues affirmed.*