CARL A. ASKER *vs.* LEONA H. ASKER.

Plymouth. June 15, 1979. — November 8, 1979.

Present: KEVILLE, ARMSTRONG, & DREBEN, JJ.

*Divorce,* Tenancy by the entirety. *Probate Court,* Partition. *Real Property,* Partition. *Evidence,* Findings in another proceeding, Judicial notice.

A judge erred in holding, without receiving any evidence, that by operation of law a divorce had transformed a husband's and wife's ownership of real estate from a tenancy by the entirety to one in common, that, therefore, the husband was entitled as matter of law to partition, and that any equitable claim which the wife might press for improvements or otherwise had previously been determined adversely to her in the divorce proceedings which culminated in a judgment unfavorable to her claims for alimony or equitable division where the wife's answer to the husband's petition raised issues of fact as to the husband's interest in the property, as to the wife's beneficial interest in the locus, and as to whether the wife was entitled to a credit against her husband's share for improvements she had made. [636-639]

PETITION filed in the Probate Court for the county of Plymouth on August 30, 1976.

The case was heard by *Lawton,* J.

Proceedings commenced in the Appeals Court were considered by *Hale,* C.J., and a question of law was reported by him to a panel of Justices of the Appeals Court.

*Mario P. Alfieri (Lothrop Withington, III,* with him) for the defendant.

*Phillip S. Cronin* for the plaintiff.

ARMSTRONG, J. This case reaches us by way of a report (Appeals Court Rule 2:01, as amended, 3 Mass. App. Ct. 805 [1975]) by the Chief Justice of this court,

the purpose of which was to cut through a depressing procedural morass which developed after the defendant claimed multiple appeals from orders of a judge of the Probate Court for Plymouth County and those of several single justices of this court who had acted on various petitions for relief from the probate judge's actions. The report brings before us for appellate review an "interlocutory" decree (see G. L. c. 241, § 10) entered by the probate judge on February 8, 1977, ordering partition of certain real estate (the locus) held by the parties as tenants in common, the partition to be accomplished by public or private sale by a commissioner and distribution of the proceeds to the parties in equal shares. This decree was in effect a final judgment, appealable as of right (*Jefferson* v. *Flynn,* 348 Mass. 165, 166 [1964]), and it was in fact appealed by the defendant. The record does not disclose why that appeal was not entered in this court and heard in due course; but, because an appeal was timely claimed, the report cured whatever procedural defects may have occurred thereafter.[1] See Mass.R.A.P. 3(a), 365 Mass. 845 (1974); *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 811 (1976).

The record is scant but reflects in this respect the somewhat unusual course that the litigation took in the Probate Court. On August 30, 1976, two months (according to a statement made by the judge) after the parties were divorced,[2] the plaintiff filed a petition for partition of the locus, which was described by metes and bounds. G. L. c. 241, § 2. The petition alleged that the

---

[1] The report was docketed more than one year after the entry on February 8, 1977, of the "interlocutory" decree. As an appeal was timely claimed, no question concerning the power of the single justice arises under Mass.R.A.P. 14(b), 365 Mass. 859 (1974). Compare *Commonwealth* v. *Dorius,* 346 Mass. 323, 324 (1963).

[2] According to the judge's statement the divorce judgment was entered on June 16, 1976, "nunc pro tunc as of March 3, 1975." But see *Silverstein* v. *Silverstein,* 2 Mass. App. Ct. 94, 97 n.4 (1974). *Zildjian* v. *Zildjian, ante* 1, 2 n.2 (1979).

land was held equally by the parties as tenants in common and sought the appointment of a commissioner to sell it for not less than $40,000. The defendant filed an answer in which she admitted that she and the plaintiff were tenants in common but denied "that [the] plaintiff owns an equal legal interest or any beneficial interest." The answer asserts that the "[d]efendant is the beneficial owner for the reason that she provided all of the initial capital plus all of the improvements"; that she "is entitled to recoup [the cost of the improvements] as a charge against the share of [the] plaintiff"; and that the "[p]laintiff should be charged for personal property of [the] defendant removed from the premises and converted to his own use." The defendant, according to the judge, sought an evidentiary hearing on disputed issues of fact, but the judge refused to permit an evidentiary hearing, stating in essence that it was unnecessary because he was familiar with the evidence the defendant wished to offer from having presided a short time earlier over lengthy hearings on what we take to have been a claim by the defendant for alimony or equitable division of the marital property. The judge thereafter entered the decree ordering partition.

It is apparent from the remarks made by the judge that he regarded the case as one presenting no factual issue to be determined; that by operation of law the divorce had transformed the parties' ownership of the locus from a tenancy by the entirety to one in common (see *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 490 [1927]; *Blitzer* v. *Blitzer,* 361 Mass. 780, 783 [1972]); that the plaintiff, as a tenant in common, was entitled as matter of law to partition (see G. L. c. 241, § 1; *O'Brien* v. *Mahoney,* 179 Mass. 200, 203-204 [1901]); and that any equitable claim which the defendant might press for improvements or otherwise (see G. L. c. 241, §§ 23, 25) had previously been determined adversely to her in the divorce proceedings which apparently culminated in a judgment unfavorable to her claims for alimony or

equitable division (see G. L. c. 208, § 34, after St. 1974, c. 565), and from which she apparently took no appeal. Those conclusions were all arrived at by the judge without receiving any evidence. See *Day* v. *Crowley,* 341 Mass. 666, 669-670 (1961).

A decree ordering partition, although denominated "interlocutory" by G. L. c. 241, § 10, is final by its nature: "once rendered, it is a conclusive determination of the rights of all parties to the proceedings under the petition, and no question any longer remains open concerning either ownership or title, or their individual shares and interest." *Brown* v. *Bulkley,* 11 Cush. 168, 169 (1853). Although later proceedings culminating in the entry of a final decree are contemplated (see G. L. c. 241, § 16), the sole questions which arise at the final decree stage are whether the actions of the commissioners have been tainted by irregularity and whether they have divided the locus according to the requirements of the "interlocutory" decree. 11 Cush. at 170. As the "interlocutory" decree is a final adjudication of the rights of the parties in the locus, it follows that they are entitled to a full evidentiary hearing on disputed issues of material fact which have been properly raised by the pleadings and not thereafter waived.

The defendant's answer in this case, while inartfully framed, raised issues of fact which required resolution before partition could properly have been decreed. We mention several. First, although the answer admits that the plaintiff is a tenant in common, it denies that he is the owner of a half interest. The respective interests of the parties are thus put in issue, and that issue cannot be resolved without findings of fact even if we were to accept the plaintiff's legal contention that the effect of a divorce is to convert a tenancy by the entirety into a tenancy in common in equal shares as matter of law;[3] for

---

[3] Massachusetts cases appear to have made no definitive ruling on this point. Compare *Blitzer* v. *Blitzer,* 361 Mass. at 783; *Gleason* v.

the record in this case discloses no basis for a finding that the parties held the locus during the marriage as tenants by the entirety. Second, it is open to the defendant to show that her beneficial interest in the locus during the marriage was different from that indicated by the record title. Compare *McPherson* v. *McPherson,* 337 Mass. 611 (1958), in which the wife, after divorce, filed a petition for partition of the marital home and the husband filed a cross-petition in equity for a determination that he was the sole beneficial owner. We assume that the latter question can be litigated in the partition proceeding without the necessity of the defendant's filing a separate cross-complaint seeking a determination of title, because title is necessarily in issue in the partition proceeding. See, e.g., *Young* v. *Paquette,* 336 Mass. 673 (1958), a partition proceeding in which a contention that the title was other than that shown by the record was raised by denial in the answer. Third, the answer claims that the defendant is entitled in any event to a credit against the plaintiff's share for improvements made by the wife. The answer does not specify when the claimed improvements were made, whether before, during or after the marriage. At least in the latter event, the

*Galvin,* 374 Mass. 574, 576 (1978). Some jurisdictions hold that there is a presumption that the former marital partners each acquire an equal share when divorce converts the tenancy by the entirety into a tenancy in common, but evidence may be offered to rebut the presumption. *Yax* v. *Yax,* 125 Misc. 851, 852 (Sup. Ct. 1925), aff'd, 217 App. Div. 714 (N.Y. 1926); *Doyle* v. *Hamm,* 52 App. Div. 2d 899, 900 (N.Y. 1976); *Hipp* v. *Hipp,* 191 F.Supp. 299, 301 (D.D.C. 1960), aff'd, 296 F.2d 429 (D.C. Cir. 1961); *Sebold* v. *Sebold,* 444 F.2d 864, 872-873 & n.15 (D.C. Cir. 1971). New Jersey appears to follow this approach also. Compare *Ross* v. *Ross,* 35 N.J. Super. 242, 247 (1955), with *Goodpasture* v. *Goodpasture,* 115 N.J. Super. 189, 195 (1971), and *DiSanto* y. *Adase,* 116 N.J. Super. 226, 228 (1971). By contrast North Carolina holds that a spouse's contributions during the tenancy by the entirety are not reimbursable and that the resultant tenancy in common is in equal shares as matter of law. See *Wall* v. *Wall,* 24 N.C. App. 725, 730, cert. denied, 287 N.C. 264 (1975); *Branstetter* v. *Branstetter,* 36 N.C. App. 532, 535-536 (1978). Delaware law seems to be to the same effect. See *Haas* v. *Haas,* 165 F.Supp. 701, 710 (D. Del. 1958).

defendant is entitled to show by evidence the extent of the improvements and the resultant increase in the value of the property. See G. L. c. 241, § 23. We decline to consider the legal question whether improvements made by one spouse during a tenancy by the entirety are creditable in a partition proceeding after divorce (see note 3, *supra*) until we are shown that the resolution of that question is necessitated by the facts of this case.[4] Fourth, nothing in the pleadings or statements of counsel discloses the nature of the property constituting the locus; there is thus no basis for a finding that the property cannot be advantageously divided. See G. L. c. 241, § 31, and *Mello* v. *Mello,* 322 Mass. 68, 69 (1947). Moreover, the record discloses no evidentiary basis for the upset price of $40,000.

The case must therefore be remanded for an evidentiary hearing on disputed issues of material fact. The parties will be entitled to findings on those issues, whether under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), or G. L. c. 215, § 11, as appearing in St. 1975, c. 400, § 58.[5] In the course of such a hearing, the probate judge, who obviously has some familiarity with the parties and the locus, may properly take cognizance of the records of his own court showing that the parties have been divorced, see *Gordon* v. *Gordon,* 332 Mass. 210,

---

[4] We similarly decline to speculate on the barren record before us concerning any possible res judicata effect of the judgment entered in the divorce action.

[5] Partition proceedings under G. L. c. 241, § 2, appear to be treated procedurally as equity proceedings in the Probate Courts, see *Clough* v. *Cromwell,* 254 Mass. 132, 135 (1925); *Young* v. *Paquette,* 336 Mass. at 674-675, although that point is not clear from the statute. Contrast G. L. c. 241, § 25. As equity proceedings, partition proceedings would be subject to the Massachusetts Rules of Civil Procedure. See Mass.R.Civ.P. 1, 365 Mass. 730 (1974). If a partition petition is not regarded as one seeking equitable relief, the parties would be entitled to a statutory report of material facts. See Lombard, Probate Law and Practice § 471 (1962); Nolan, Equitable Remedies § 431, at 510-511 (1975).

213, cert. denied, 349 U.S. 947 (1955), but he may not take judicial notice of the undisclosed basis of the judgment entered in those proceedings. *Day* v. *Crowley,* 341 Mass. at 669-670. *Ferriter* v. *Borthwick,* 346 Mass. 391, 393 (1963). Leach & Liacos, Handbook of Massachusetts Evidence 29 (1967).

Because the question may arise on retrial, we note that the probate judge was correct in ruling, implicitly, that the "accounting" referred to in G. L. c. 241, § 25, is confined to matters "in reference to the common land" and would not extend to such unrelated matters as personal property of the defendant which the plaintiff, according to the defendant's answer, "removed from the premises and converted to his own use." *Moseley* v. *Moseley,* 240 Mass. 22, 25 (1921).

The decree of February 8, 1977, is reversed, and the case is remanded for further proceedings consistent with this opinion. Neither party is to have costs of the proceedings upon this report.

*So ordered.*

Justice Keville participated in the deliberation on this case and approved the opinion prior to his retirement.