DOUGLAS M. SCHAIR & another,[1] individually and as trustees,[2] *vs.* ROBERT W. DUQUET. No. 94-P-1783. June 2, 1995. *Real Property*, Ownership, Partition. *Probate Court*, Partition proceedings.

In their complaint for declaratory judgment in the Land Court to try title to land, the plaintiffs allege that the defendant disputes the plaintiffs' claim to a fifty percent interest in certain property in Braintree (the property). The defendant's answer denies the plaintiffs' claim, and in para-

---

[1]Leslie N. Cohen.

[2]Schair and Cohen appear individually and as trustees of the Burton Schair Family Trust A & B.

graph 18 of his answer the defendant goes on to allege that the plaintiffs
have "zero" interest in the property.[3]

Ten days after the plaintiffs filed their action in the Land Court, the
defendant filed a petition for partition in the Probate and Family Court in
Norfolk County, see G. L. c. 241, § 1, regarding the same property at
issue in the Land Court proceedings. Thereafter, the defendant filed his
answer in the Land Court, together with a motion to dismiss under
Mass.R.Civ. P. 12(b)(9), 365 Mass. 755 (1974). The judge allowed the
motion on the ground that "all the issues raised by both parties can be
resolved within the jurisdiction of the Probate Court Department, and can-
not be resolved within the jurisdiction of this Department . . . ." The
Land Court action was then dismissed without prejudice. We reverse.

General Laws c. 241, § 6, provides that the petition "shall set forth *on
oath the nature and extent of the share of each co-tenant, so far as known
to the petitioner* . . ." (emphasis added). In response to § 6, the defend-
ant alleged that his share, as well as the share of the plaintiffs, was "unde-
termined." The petition does not comply with the demands of the statute.
An allegation that the extent of the shares of the parties is "undeter-
mined" amounts to no allegation at all.

In addition, the Land Court judge had before her the defendant's an-
swer to the complaint for a declaratory judgment in which, as we have
said, the defendant alleges that the plaintiffs have "zero" interest in the
property. Thus, the defendant's allegation in the petition for partition re-
garding the share of the property owned by each party, "as known to the
petitioner," evades disclosure of information presumably known to the de-
fendant — that the plaintiffs had no basis for claiming an interest in the
property.

Based on the defendant's pleadings in the Land Court (confirmed in the
defendant's brief in this court, see note 3, *supra*), the judge could only
have concluded that a bona fide response to the § 6 requirement would
have been "zero," and the petition for partition could not be maintained.
The primary purpose of the defendant's petition for partition was to try
his title to the Braintree property.[4] That does not qualify as appropriate
subject matter for a petition for partition. A "bona fide suit between coten-
ants for partition must be the primary purpose of the [petition for parti-
tion]. . . ." 2 American Law of Property § 6.25, at 111 (Casner ed.
1952). See also *Skipper* v. *Yow*, 249 N.C. 49, 51 (1958). Admittedly, the
issue of title is within the jurisdiction of the Probate Court, see *Suga* v.
*Maum*, 29 Mass. App. Ct. 733, 736 (1991), but that issue had already

---

[3]In his brief to this court, the defendant repeats his claim to "a one hundred
percent interest in the property in question."

[4]The complaint for declaratory judgment alleges that by letter dated May 17,
1994, the defendant wrote the plaintiffs that he had "initiated a Petition to
straighten out the title to the building." The complaint is dated May 27, 1994.

been joined in the Land Court, and it should have remained there until resolved. See Mass.R.Civ.P. 12(b)(9).[5]

If the Land Court judge determines that the plaintiffs have "zero" interest in the property, as the defendant claims, that is the end of the matter, and the proceedings in the Probate Court may be dismissed. If the Land Court judge determines that the plaintiffs do have an interest in the property, then the Probate Court proceedings, which have been stayed, may proceed on the petition for partition.

For these reasons, the judgment entered in the Land Court dismissing the action is reversed. The case is remanded to the Land Court for further proceedings consistent with this opinion.

*So ordered.*

*Philip M. Cronin* for the plaintiffs.
*Robert W. Langlois* for the defendant.

[5]The defendant relies on *Young v. Paquette,* 336 Mass. 673 (1958). There the court held that the defendant had no absolute right to the allowance of his motion to frame jury issues, and the denial of the motion was within the judge's discretion. No other issue was argued or decided.