NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-495

ROBERT D. FRATUS, JR.

vs.

JASON RUBIN[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this partition action, the petitioner, Robert D. Fratus, Jr., appeals from the denial of his motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). Because the petitioner has not shown that the judge abused her discretion in denying his motion for relief from that judgment, which granted him the relief he had requested in his amended petition, we affirm.

Background. The petitioner brought an action pursuant to G. L. c. 241, § 6, to partition certain real property (property) in the town of Harwich, requesting that a commissioner be appointed to sell the property and distribute the net proceeds.

_____

[1] As personal representative of the estate of Janice E. Day and as trustee of the Day Family Trust.

[2] Anna Sue Chapel; the estate of Janice E. Day; and the Day Family Trust.

The petitioner asserted that he owned a seventeen-eighteenths interest in the property and Anna Sue Chapel owned the remaining one-eighteenth interest. After publication of notice of the petition, Jason Rubin, as trustee of the Day Family Trust (trust) filed an objection asserting that Janice E. Day, who had died in 1997, had inherited an interest in the property which under her will was to pour over to the trust, but that transfer had not been accomplished because her will had not been probated in Massachusetts. A judge of the Probate and Family Court appointed a guardian ad litem to investigate and report on three questions, who concluded that at the time of her death, Day held a fifteen-thirty-sixths interest in the property, which was then held by her estate. The petitioner filed an agreed-upon motion "to reflect the [fifteen-thirty-sixths] interest of the [e]state of Janice Day and adjust the interest of the [p]etitioner." His amended petition sought partition of the property by apportioning to him a nineteen-thirty-sixths interest, to Chapel a two-thirty-sixths interest, and to Day's estate a fifteen-thirty-sixths interest. That motion was allowed on July 30, 2021.

On December 14, 2021, a magistrate issued a decree and order on petition for formal adjudication admitting Day's will to formal probate. After a December 15 hearing at which the petitioner and his counsel were present, the judge found that

2

all interested persons had assented to partition, and on December 20, an interlocutory decree entered on the docket appointing a commissioner to sell the property and distribute the proceeds as set forth in the amended petition.[3]

On January 20, 2022, the petitioner moved pursuant to Mass. R. Civ. P. 60 (b) for relief from the judgment.[4]  The petitioner's motion did not specify for which of the six reasons set forth in rule 60 (b) he sought relief.  The objectors opposed the motion, arguing as to each of those six reasons that the petitioner was not entitled to relief.  The judge denied relief, also discussing each of the six reasons in her memorandum and order.  This appeal ensued.

Discussion.  The petitioner argues that the judge abused her discretion in denying his motion for relief from the judgment.  "[T]he denial of a motion under [r]ule 60 (b) will be set aside only on a clear showing of an abuse of discretion" (quotation and citation omitted).  Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020).

---

[3] The person originally appointed as commissioner declined the appointment, and on March 8, 2022, another person was appointed as commissioner.  Those events had no impact on the question of whether the petitioner was entitled to relief under rule 60 (b).
[4] In the context of a partition action, the interlocutory decree is equivalent to a judgment and therefore is properly before us. See Asker v. Asker, 8 Mass. App. Ct. 634, 637 (1979) ("A decree ordering partition, although denominated 'interlocutory' by G. L. c. 241, § 10, is final by its nature").

On appeal, the petitioner has narrowed his argument to three of the reasons for relief set forth in rule 60 (b). First, he argues that the judgment should have been set aside pursuant to rule 60 (b) (1) for mistake, inadvertence, or excusable neglect. He maintains that he did not realize, when he filed his original petition for partition in October 2020, that Day's estate held an interest in the property that had not been transferred to the trust. The claim is unavailing, because the petitioner certainly knew of Day's estate's interest when he amended his petition in July 2021 and then appeared with counsel at the hearing on December 15, 2021. Based on that hearing, the judge concluded in the interlocutory decree that "all persons interested . . . have assented" to partition. And the docket entry for that hearing states "Judgment/Decree/Order Issued," which contradicts the petitioner's claim that he did not learn of the issuance of the decree until January 17. Absent a transcript of that hearing,[5] we cannot conclude that the judge abused her discretion in finding that the petitioner had not shown "mistake, inadvertence, surprise, or excusable neglect." Mass. R. Civ. P. 60 (b) (1).

---

[5] As appellant, it was the petitioner's obligation to provide us with a transcript of the December 15, 2021 hearing. See Mass. R. A. P. 18 (b) (4), as appearing in 481 Mass. 1637 (2019).

4

Second, the petitioner argues that the admission of Day's will to probate constituted newly discovered evidence under rule 60 (b) (2). We are not persuaded. Day's will was admitted to probate the day before the December 15, 2021 hearing on his amended petition. The petitioner has not argued, let alone proven, that he was unaware of that fact when he appeared at the hearing. Once again, absent a transcript of that hearing, we cannot conclude that the judge abused her discretion in finding that the petitioner had not shown that he was entitled to relief based on newly discovered evidence.

Finally, the petitioner argues that the judge should have granted him relief for "any other reason justifying relief from the operation of the judgment." Mass. R. Civ. P. 60 (b) (6). In Carver v. Waldman, 21 Mass. App. Ct. 958, 959 (1986), this court held that a plaintiff represented by counsel who had agreed to settlement of a partition action was not entitled to rule 60 (b) (6) relief based on his averment that he did not fully understand the import of the settlement. See also Thibbitts v. Crowley, 405 Mass. 222, 226-227 (1989). This case presents even weaker grounds for rule 60 (b) (6) relief. Unlike in Carver, the judgment was not the product of negotiations.

Rather, the judgment granted the petitioner precisely the relief he requested in his amended petition.[6]

February 24, 2022 order
  denying motion for relief
  from judgment
  (interlocutory decree)
  affirmed.

By the Court (Blake, Grant &
  Smyth, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  May 5, 2023.

---

[6] In their brief, the appellees have requested appellate attorney's fees and double costs pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), on the grounds that the appeal is frivolous.  See Fabre v. Walton, 441 Mass. 9, 10 (2004).  Although the question is close, we decline to award attorney's fees, as the petitioner has not yet pursued his baseless claims quite as persistently as the appellants did in cases like Worcester v. AME Realty Corp., 77 Mass. App. Ct. 64, 73 (2010).

[7] The panelists are listed in order of seniority.