WILLIAM SAVERY *vs.* ABNER S. TAYLOR & others.

A petitioner for partition of land is not entitled to judgment for any share, merely on proof that he is a descendant of one who owned an undivided portion of the land, without any evidence to show how many descendants there are, or that he is the only descendant.

PETITION for the partition of a tract of land in Carver, " containing about six acres, the same being the fourth share in the fifteenth great lot of South Meadow Cedar Swamp, so called," of which tract the petitioner alleged that he was seised of one undivided twelfth part.

At the trial in the superior court, before *Pitman,* J., the petitioner introduced in evidence the will of Elijah Perry, which was proved in 1812, and by which Perry gave " one fourth part of what I own in the fifteenth great lot in South Meadow Cedar Swamp " to his daughter Mary, the wife of Zenas Atwood, and the other three fourths to others of his descendants; also a deed, executed in 1863 by Chapin P. Atwood to the petitioner, conveying all Atwood's interest in " the undivided third part of the fourth share in the fifteenth great lot of South Meadow Cedar Swamp, so called, in Carver."

Chapin P. Atwood testified, in his deposition, which was introduced in evidence, that his father was Abner Atwood; and the respondents admitted that Abner Atwood was a son of Zenas and Mary Atwood.

The petitioner offered in evidence four deeds purporting to be made by descendants of Perry, which, he contended, showed that the land devised by Perry was the same tract as that of which partition was sought, that Perry was the owner of the whole tract, and that the respondents derived their title from Perry ; but the judge rejected the evidence, and a statement of it is now immaterial.

On motion of the respondents, the judge ruled that the petitioner had not made out such a case as to entitle him to a judgment for partition, and directed a verdict for the respondents, which was returned, and the petitioner alleged exceptions.

*E. Ames,* for the petitioner.

*P. Simmons,* for the respondents.

WELLS, J.    For the disposition of this case we may assume (what is not very apparent even with the aid of. the evidence offered and rejected,) that the " fourth share in the fifteenth great lot," as described in the petition, is the same tract of land with that devised in the will of Elijah Perry as " what I own in the fifteenth great lot in South Meadow Cedar Swamp." Assuming also that Elijah Perry had the whole title to said tract; that the descent from his daughter, Mary Atwood, was not broken by devise, and had been cast before the deed of Chapin P. Atwood to the petitioner; and that his deed conveyed whatever interest descended from Mary Atwood to the grantor; the proof still fails to show that Chapin P. Atwood was entitled to the share of the premises which is claimed in the petition, or to any definite share for which judgment could properly be rendered.

The deed to the petitioner purports to convey one " undivided third part of the fourth share ·in the fifteenth great lot." The petitioner claims that the entire tract devised is called " the fourth share;" and that he is entitled to one third of the interest devised to Mary Atwood, which would be one twelfth part of the whole lot.

It sufficiently appears that Chapin P. Atwood is a grandchild of Mary Atwood. The petitioner claims, under his deed, only one third of the interest so devised to Mary Atwood. But whether this subdivision is due to other descendants from Mary Atwood in the first or only in the second generation, is not disclosed by the evidence.

It is argued for the petitioner that, having shown that his grantor was in the line of descent from Mary Atwood, he is entitled to recover the share which he claims, unless the respondents show that there was a larger number of heirs among whom her share must be divided ; that the burden of proof in this respect is upon the respondents; that, even if the burden of proof does not shift, the evidence shows that he is entitled to some share of the estate, and therefore to a judgment of partition for that share, whatever it may be, though less than what is claimed in his petition.

A petitioner may have the interlocutory judgment, that partition be made, for a less share than is set forth in his petition, whatever that share may appear to be. Gen. Sts. *c.* 136, § 20. If, upon issue joined, he fail to show title to the whole share claimed by him, the respondents recover judgment for their costs; " but judgment may notwithstanding be rendered for the petitioner to have partition, and to have assigned to him such part of the premises, if any, as he appears to be entitled to." Gen. Sts. *c.* 136, § 19. But, before such judgment can be rendered, it must be made to appear precisely what share the petitioner is entitled to; and that share is required to be " expressed in the warrant" to the commissioners for making the partition. Gen. Sts. *c.* 136, § 21. The interlocutory judgment is conclusive upon, and therefore must ascertain and determine the relative or proportionate rights between, the parties. *Brown* v. *Bulkley*, 11 Cush. 168. *Burghardt* v. *Van Deusen*, 4 Allen, 374. The burden is upon the petitioner to establish, by proof, the right which he seeks to enforce; not only the existence of a right, but the extent and measure of it. *Fisk* v. *Fisk*, 12 Cush. 150. Proof merely that he is in the line of descent from the ancestor, through whom he claims to derive title, even if uncontrolled, will not, under our laws of descent and distribution, show that he inherits the whole title of that ancestor. In the absence of all evidence to show how many descendants there are of the same ancestor in equal degree, it cannot be determined judicially that the petitioner is entitled to the whole, or to one third of the whole descendible interest. We are aware of no presumption of law or of fact that warrants the inference that parties who are shown to have had one child, or three children, died leaving no more. Yet that seems to be the position of the case upon which the petitioner seeks to have his claim of right adjudicated. Upon the report of the case, there was no evidence offered to show how many children or grandchildren Mary Atwood left; nor whether her heirs were all in the same degree of kindred, or entitled to take by right of representation. If the information of Chapin P. Atwood on that subject may be supposed to have been exhausted, he does not appear to have had

such means of knowledge that his ignorance of the existence of other descendants can be taken as *primâ facie* evidence that there were no others. It was incumbent on the petitioner to make such proof of the extent of his title as would enable the court to render a proper judgment, awarding the specific share which should be set out to him. Having failed to do this, the court rightly held that he had not entitled himself to have partition. ·                    *Exceptions overruled.*