## DAVID L. MARKS *vs.* CHARLES H. SEWALL & others.

Norfolk.    Jan. 28. — March 3, 1876.   COLT & ENDICOTT, JJ., absent.

A mortgage made by a tenant in common of an undivided interest in a specified parcel of land is invalid as against his co-tenants.

Where a mortgage by a tenant in common of his undivided interest in land is invalid because his co-tenants do not join therein, the mortgagee cannot object to the decree of a probate court affirming the report of commissioners appointed to make partition, by which they set off, without regard to the mortgage, the land mortgaged to the co-tenants, other than the mortgagor, and award a certain sum of money to the mortgagor to make the partition just and equal, nor can he demand that the sums so awarded be paid or secured to him.

APPEAL by David L. Marks from the decree of the Probate Court accepting the report of the commissioners appointed to make partition of the real estate of Moses B. Sewall, deceased, and confirming and establishing the partition.

At the hearing, before *Morton*, J., it appeared that Moses B. Sewall died in March, 1872, seised of the following among other parcels of real estate : A lot of vacant land on High Street, Boston, containing 4875 square feet, valued at $97,500, and a lot of land with buildings thereon on Monument Avenue, Charlestown, containing 3177 square feet, valued at $12,500.

Sewall left as his heirs four daughters, Mary F. Wales, wife of T. C. Wales, Annie L. Sewall, Linnie P. Sewall and Lilla M. Sewall, and two sons, Charles H. Sewall and George P. Sewall. Charlestown became a part of Boston, by annexation, on January 1, 1874.

Charles H. Sewall, on February 1, 1873, mortgaged to David L. Marks an undivided sixth part of the estate on High Street, Boston, the same being described by metes and bounds, as security for the payment of his note for $10,000, payable in five years from date, with interest quarterly, at the rate of seven per cent. per annum, and on the same date Marks executed an instrument recorded with the mortgage, wherein he recited the mortgage and declared that the note and mortgage were held by him in trust that Charles H. Sewall should pay him for the support and maintenance of Ellen M. Sewall, wife of Charles H., and daughter of said Marks, and for the support and maintenance of the infant daughter of Charles H. and Ellen M. Sewall, during their lives or the life of either of them, the sum of $700 per

annum in quarterly payments, and to secure to Mrs. Sewall the care and custody of their child.

On April 22, 1874, the Probate Court appointed commissioners to make partition of all the real estate of Moses B. Sewall, which any party interested should require to have included in the partition among the heirs aforesaid, and they reported as follows : " Whereas the said lot of land, situated on High Street in the city of Boston, is of greater value than the share of either party, and cannot in our judgment be divided without damage to the owners, and whereas George P. Sewall, Mary F. Wales, Annie L. Sewall, Linnie P. Sewall and Lilla M. Sewall are willing to have said lot of land set off to them together, and to pay to Charles H. Sewall such sum of money as may be awarded : we have set off and assigned to the said George P. Sewall, Mary F. Wales, Annie L. Sewall, Linnie P. Sewall and Lilla M. Sewall, the said lot of land situated on High Street, in said city of Boston, to be held by them in common, but separate from the share of Charles H. Sewall, and we have awarded that they shall pay to the said Charles H. Sewall the sum of $5833.33 to make the partition just and equal. And we have set off and assigned to the said Charles H. Sewall said lot of land, situated in that part of said city of Boston which was recently the city of Charlestown, Charles H. Sewall to receive from the said George P. Sewall, Mary F. Wales, Annie L. Sewall, Linnie P. Sewall and Lilla M. Sewall, the sum of $5833.33, to make the partition just and equal." Their report was accepted, November 11, 1874, and the partition confirmed and established. From this decree David L. Marks appealed, and assigned the following reasons .

" Because the decree did not set off to said Marks his interest in the High Street estate, or award payment in money therefor ; and because the money awarded by the commissioners had not been paid to said Marks, he being entitled thereto, or secured to his satisfaction, or to the satisfaction of the Probate Court."

It appeared that the heirs to whom the High Street estate was set off were able to pay the value of Charles H. Sewall's interest therein, in case partition of that estate by itself should be made, the entire estate set off to them, and it should be awarded that the value of Charles H. Sewall's interest should be paid in money. Further it appeared that Charles H. Sewall had re-

fused and still refused to agree to the substitution of any other security on the note given by him to Marks.

Upon these facts the judge affirmed the decree of the Probate Court, and upon request of Marks, reported the case for the consideration of the full court.

*R. M. Morse, Jr.*, for the appellant.

*E. L. Barney*, for Charles H. Sewall.

*J. R. Bullard*, for the other appellees.

DEVENS, J. It is conceded, as a general proposition, that a tenant in common, as against his co-tenants, cannot convey his interest in a specified parcel of the lands held in common. *Adam v. Briggs Iron Co.* 7 Cush. 361, and authorities cited. It is, however, argued that, as when the conveyance was made by Charles H. Sewall, it purported to convey his interest in the High Street estate, which was all the land then lying in the county of Suffolk, and that as it was then in the power of the judge of probate to have issued a separate warrant and caused a separate partition to have been made of the lands lying in that county, (Gen. Sts. *c.* 136, § 50,) the conveyance may here be treated as valid against the co-tenants. But it was in the power of the Probate Court then, by one commission, to have made partition of all the real estate lying within the state, (Gen. Sts. *c.* 136, § 48,) and at the time when the commission was actually issued, both parcels which were to be divided had, by the annexation of territory of Charlestown, become a part of the county of Suffolk. The mere fact that, but for the occurrence of this latter contingency, the Probate Court could have divided the lands of the deceased by separate commissions, does not entitle the appellant to claim that he would then have had, or that he now has, a right to have the High Street estate separately divided.

If, as against the co-tenants, the mortgage made by Charles H. Sewall is invalid, the court should not refuse to confirm the decree for partition. While the court may, for sufficient reason, set aside the return of the commissioners and recommit the case, (Gen. Sts. *c.* 136, § 74,) yet the reason for so doing should be because there is some objection to the return as made, and not because one might be made which would facilitate other proceedings before another tribunal by the appellant against Sewall. If

treating the mortgage as invalid, the partition is a fair and just one, it should be confirmed.

Nor, if the partition is thus confirmed, is the appellant entitled to have the sum of $5833.33 (which is the amount in money to be paid to Charles H. Sewall) first paid or secured to him. It is a part indeed of the proceeds of that portion of his inheritance which Sewall assumed to convey to the appellant; but if the mortgage be invalid as to them, the co-tenants have the right here to have the partition confirmed without regard to any relations which may exist between Sewall and the appellant. *Decree affirmed.*