MOUNT HOPE IRON COMPANY *vs.* GEORGE R. DEARDEN
& others.

Bristol.    Oct. 27, 1885. — Jan. 7, 1886.    FIELD & C. ALLEN, JJ., absent.

The respondent in a petition for partition of land, who does not object to an inter-
locutory judgment for partition, cannot, at a hearing upon the motion to confirm
the commissioner's report, set up want of title in the petitioner as a bar to the
petition.

Commissioners appointed to make partition of land may assign to the petitioner all
the right in a passageway theretofore appurtenant to the whole estate, "to be-
come exclusively appurtenant to the share set off to the petitioner," the way
being upon other land of the petitioner, and the parcel set off to the respondent
being separated from it by that set off to the petitioner.

PETITION for partition of a parcel of land in Somerset.

At the hearing upon the question whether interlocutory judg-
ment for partition should be awarded, the respondents contended
that the premises should be sold, and could not be advanta-
geously divided; but the court ordered an interlocutory judg-
ment to be entered for partition. No exception to or appeal from
that order was taken. Commissioners to make partition were
duly appointed, and made a report to the court, setting off to
the petitioner by metes and bounds a certain portion of the
common premises, and also all the right in a passageway, "to
become exclusively appurtenant to the share set off to the peti-
tioner," over other land of the petitioner, on the south side of
the tract partitioned, and adjoining the premises set off to it by
the commissioners. The right of way was theretofore appur-
tenant to the whole of the common premises which were the
subject of the suit for partition, and consisted of a considerable
tract of land on the north side, on which stood a dwelling-house
with a store in the lower story.

At the hearing in the Superior Court, before *Staples*, J., upon
the motion of the petitioner that the partition should be made
firm and effectual according to the report of the commissioners,
the respondents objected that said right of way could not be a
subject of partition in the manner in which the commissioners
dealt with the same; and also offered to show the following
facts: The premises in question formerly belonged to one Jo-
seph Marble, who died intestate in 1881, possessed of this and

other real estate, and leaving numerous heirs at law, including the respondents.   The petitioner acquired from certain of the other heirs at law of Marble thirty-six one-hundredths of the premises in question, which were described in the various deeds to it from such heirs by metes and bounds ; and the petitioner did not acquire, by purchase or otherwise, any interest in any of the remaining land of which Marble died seised, and which still belonged to his estate at the time of the commencement of the proceedings for partition.

After these proceedings were begun, and before the present motion, it appeared that, upon the petition of a cotenant, who was not either of the respondents, the remaining land belonging to the estate of Marble had been sold, and the proceeds divided, under partition proceedings in the Probate Court.   The greater part of the title of two of the respondents to the premises in question was derived by purchase from other heirs at law. The title of the remaining respondent was acquired wholly by inheritance.

The respondents contended, upon these facts, that the petitioner's title was wholly void for the purposes of partition ; and that the court had no jurisdiction.   But the judge ruled that this defence was not open to the respondents at this stage of the proceedings, and also ruled that the right of way could be wholly assigned to the petitioner in the division ; and ordered that the report be accepted, and the partition be made firm and effectual forever.   The respondents alleged exceptions.

*J. M. Morton*, for the respondents.

*W. E. Fuller*, for the petitioner.

HOLMES, J.   It was not open to the respondents, after an interlocutory judgment, to which they had practically consented, to set up want of title in the petitioner as a bar to the petition. *Brown* v. *Bulkley*, 11 Cush. 168.   *Wonson* v. *Wonson*, 14 Allen, 71, 81.   *Savery* v. *Taylor*, 102 Mass. 509, 511.

A more difficult question is raised by the attempt of the commissioners to set off to the petitioner all the rights in a passageway theretofore appurtenant to the whole estate, and to provide that the passageway should " become exclusively appurtenant to the share set off to the petitioner."   If the right of way were over land of a stranger, and the parcel set off to the respondents

abutted upon it, there would be more force in the argument that such a provision amounted to a destruction of property, and that the commissioners had no more right to destroy it in this way than to order trees to be cut down and burned. For, of course, so much of the right as was incident to one parcel could not be transferred to the other. But in this case the passage was upon other land of the petitioner, and the parcel set off to the respondents was separated from it by that set off to the petitioner. Whether, under these circumstances, the respondents' rights would have been extinguished, irrespective of the provision in question, as the petitioner contends, and whether an extinguishment which followed as merely incidental to an act otherwise within the commissioners' power would affect the validity of that act, are questions which we need not consider, because we think a sufficient answer to the respondents' argument, if sound, is to be found in the fact that the petitioner owned the servient estate. We see no reason why the extinguishment of a way over land of a party to the partition may not be awarded by the commissioners. In such a case, what is taken from one goes to the other, and must be allowed for in the partition.

*Exceptions overruled.*