HIRAM H. HEALD *vs.* JOHN KENNARD & another.

Plymouth.   January 20, 1902. — February 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Partition,* Sale.   *Cranberry bog.*

On a petition for the partition of a cranberry bog, whose value largely depends on the certainty with which it can be flowed from an abutting great pond, the waters of which are used by the owners of the bog without injury to the public or to other property owners but without legal right, the court, under Pub. Sts. c. 178, § 65, St. 1894, c. 104, properly can take into consideration the *de facto* condition of the premises and order the land sold on the ground that it cannot be advantageously divided.

PETITION for partition by way of sale, under the statutes mentioned by the court, filed in the Probate Court for the county of Plymouth April 26, 1900.

On appeal to this court, the case was heard by *Knowlton,* J., who adjudged, that the premises set forth in the petition could not be advantageously divided, and that a sale should be made thereof. He affirmed a decree for the petitioner made by the Probate Court and ordered that the case be remanded to that court for further proceedings. The respondent Kennard appealed, and also alleged exceptions.

*C. F. Jenney,* for the respondent Kennard.

*C. S. Davis,* for the petitioner.

HOLMES, C. J. This is a petition for partition by way of sale, under Pub. Sts. c. 178, § 65; St. 1894, c. 104. The Probate Court ordered the sale and on appeal the decree was affirmed subject to the exceptions and appeal of the respondent Kennard. The single justice who tried the case reported his findings of fact, and the exceptions disclose more or less of the evidence. The land is about twenty acres, ten acres of which is a wet cranberry bog. The upland abuts upon Long Pond, which is a great pond. Nearly all of the value is in the bog, and that value depends very largely upon the certainty and ease with which it can be flowed, and thereby be kept from frost, worms and weeds. If the bog were equally divided, the several parts could not be flowed as they should be except by consent of the other owners.

There can be no question that the land ought to be sold rather than divided if the matter of flowage properly was taken into account in determining whether the land could be "advantageously divided" within the meaning of the statute. The judge ruled that the right of flowage under the above facts, which were found, was one element to be considered, and this is the only question in the case that needs discussion. There is no other ground upon which we could hesitate to affirm the decree.

Before the passage of St. 1888, c. 318, and for many years, the parties as abutters on Long Pond have used the water to flow the bog without objection, and seemingly as of right. They have not obtained a formal license from the board of harbor and land commissioners, but it is found that the use of the water is not injurious to the public or to other property owners, and that the consent of the board easily could be obtained. It is not found, and it is not likely, that the parties have a right by prescription to draw the water. *Attorney General* v. *Revere Copper Co.* 152 Mass. 444. Pub. Sts. c. 196, § 11. It is not found, and it is not likely, that the use by the parties did not exceed their rights as riparian proprietors. *Potter* v. *Howe,* 141 Mass. 357. *Attorney General* v. *Revere Copper Co., supra. Fernald* v. *Knox Woolen Co.* 82 Maine, 48. The right when it exists is an easement although it may be created in gross, *Goodrich* v. *Burbank,* 12 Allen, 459, but there is no such thing known to the law as an inchoate easement standing merely on quasi possession acquired by user continued for some time but not long enough to gain a title. *Greenhalgh* v. *Brindley,* [1901] 2 Ch. 324, 328. *Bonner* v. *Great Western Railway,* 24 Ch. D. 1, 9. Compare *Bound* v. *Brooking,* T. Jones, 148; *Anonymous,* Cro. Car. 499; *Sands* v. *Trefuses,* Cro. Car. 575; *Slackman* v. *West,* Cro. Jac. 673. Therefore it must be assumed that the parties have no legal right to the use of the water.

The considerations which determine whether land can be divided advantageously no doubt have reference mainly to the physical conditions of the land to be divided, but the advantage or disadvantage generally must be pecuniary. *Vesper* v. *Farnsworth,* 40 Wis. 357, 361, 362. From this point of view practical certainties may be of great importance although based upon no legal right. No doubt it is held that when title is taken to

the whole of a stream damages cannot be abated by the consideration that the town is not likely to use the whole. If the town takes more than it needs, it must pay for it. *Howe* v. *Weymouth,* 148 Mass. 605. But in market values no similar rule applies. The market estimates the worth of things according to the confidence of its prophecy, without regard to legal lines, and even courts in assessing damages do the same thing, as soon as the grounds of prophecy seem to them reasonably secure. See *Johnston* v. *Faxon,* 172 Mass. 466. In this case the advantageousness of the division was in part a question of market values, and from this point of view we are of opinion that the judge was warranted in considering the *de facto* condition of the premises. We cannot say that he was wrong in finding that the practical advantages were so greatly in favor of a sale that it ought to be ordered. There is no reason to doubt that he took into account the chances attending an auction sale of this property and the danger alleged by the respondent that his rights will be sacrificed, as well as the probabilities of an agreement between the parties as to the use of the water in case of partition. We are of opinion that the exceptions should be overruled, but they are by no means frivolous, or a case for double costs.

*Exceptions overruled; decree affirmed.*