ELIZA M. NICHOLS *vs.* GEORGE H. NICHOLS & others.

Essex.    April 1, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Partition.    Joint Tenants and Tenants in Common.    Estoppel.*

The parties to a partition agreed that the commissioners might make the partition in the manner set forth in their report and requested them to do so, and agreed that it was the most advantageous division of the premises, but did not agree that no other division was possible.  In determining which of the two larger portions should be allotted to each of two of the parties, each of whom had made a bid of the amount that he was willing to pay as owelty, the commissioners allotted the larger portion to the one making the higher bid, and ordered him to make certain payments to the other parties.  Whereupon the party who had made the lower bid objected, denying the right of the commissioners to find that any owelty should be paid by one of the tenants in common to any other.  *Held,* that by requesting the commissioners to make the partition and by agreeing that it was the most advantageous one that could be made, the lower bidder had waived his right to insist on formal findings by the commissioners that a more equal division was not possible or that the part set off to the higher bidder was not capable of division without great inconvenience to the owners, and that by taking part without objection in the method adopted by the commissioners for the purpose of ascertaining the sum to be paid as owelty he lost any right that he otherwise might have had to object to it.

MORTON, J.    This is a petition for partition which was heard in the Probate Court, and afterwards, on appeal, was reserved for the full court; " such disposition to be made of the case as law and justice require."    Commissioners were appointed by the Probate Court to make partition, and made a report, which, after due hearing, was set aside, and new commissioners were appointed.    These commissioners made a report which was recommitted to them, and an amended report was subsequently filed by them.    After due hearing this report was ordered to be accepted and partition was established according to it.    The respondent Walter Nichols appealed from this decree and is the only party objecting thereto.

The commissioners reported · that in making the partition the parties agreed to their making the division in the manner set forth in the report, and requested them so to do, and agreed that it was the most advantageous division of the premises, but did

not agree that no other division was possible. The commissioners also reported that, after they had determined at the request of the parties to divide the premises as set forth in the report, they "proceeded to determine which of the two larger portions should be allotted to said George, and which to said Walter, and the said George and the said Walter having each made many bids of the amount that such party was willing to pay as owelty for the part which we have allotted to said George, the largest amount of owelty offered was the sum of four thousand dollars which sum was offered by the said George and we thereupon set off said larger portion to said George as hereinbefore set forth." The said George and Walter were and are two of the respondents. In order to make the partition just and equal the commissioners found that George should pay to Eliza M. Nichols, Melville T. Nichols and Harold W. Nichols, the other parties to the proceedings, the sum of $1,100 in certain proportions, and to the said Walter Nichols the sum of $2,900. The respondent Walter Nichols denied the right of the commissioners "to find that any owelty should be paid by one of the tenants in common to any other." But the commissioners ruled against this contention. We understand that the objection was not taken by Walter until after George had outbid him and the commissioners had decided in consequence thereof to allot the larger portion to George.

We think that the decree of the Probate Court should be affirmed. The appellant contends that the partition was illegally and improperly made. The statute provides that when a part of the premises is of greater value than either party's share and cannot be divided without great inconvenience to the owners or when the whole real estate cannot be so divided the whole or a part may be set off to any one or more of the parties he or they paying any one or more of the others such sums as the commissioners may award to make the partition just and equal. Pub. Sts. c. 178, § 56. R. L. c. 184, § 41. It is clear that if the commissioners were of opinion that a part was of greater value than any one's share and could not be conveniently divided, they had a right to set it off to one or more and direct the payment by such party of such sums as would make the partition just and equal. The appellant contends that there was no finding by the

commissioners that a more equal division was not possible, or that the part that was set off to George was not capable of division without great inconvenience to the owners. But by requesting the commissioners to make the partition that was made, and agreeing that it was the most advantageous one that could be made, we think that the appellant must be regarded as having waived the formal findings now insisted on, and as having been content that the division agreed upon should be treated as the best practicable division, and the property be divided accordingly. We see no objection to such a course if all parties interested agree to or acquiesce in it. By taking part without objection in the method adopted by the commissioners for the purpose of ascertaining the sum to be paid as owelty, the appellant lost any right to object which he might otherwise have had. It was too late to object after the bidding had gone against him. The result is that we think that the decree should be affirmed.

*So ordered.*

*J. H. Pearl*, for Walter Nichols.
*W. H. Niles & J. F. Batchelder*, for George H. Nichols.