MANUEL MELLO & another *vs.* JOSEPH MELLO & another.

Bristol. October 27, 1947. — November 28, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Real Property*, Partition.

On a joint petition by a fisherman and his wife against another fisher-
man and his wife for partition of a narrow parcel of land lying be-
tween a road and the seashore and owned in undivided fourths by
the parties as tenants in common, of whom one couple lived in a
shanty on one half of the parcel and the other couple lived in another
shanty on the other half, partition by setting off by metes and bounds
one half of the land to the respondents to hold as a unit without
division between them, in accordance with their desire, rather than
by sale of the parcel and division of the proceeds, was proper on
findings by the trial judge that such division of the parcel itself was
fair and that a partition by sale might involve controversy and liti-
gation because of uncertainty as to whether the shanties were realty
or personalty.

PETITION for partition, filed in the Probate Court for the
county of Bristol on June 7, 1946.

The case was heard by *Hitch*, J.

*L. Schwartz*, for the petitioners.

*J. F. Francis*, for the respondents.

LUMMUS, J. In 1945 Manuel Mello, Aldina Mello his
wife, his brother Joseph Mello, and Mary Mello his wife,
took title as tenants in common, each owning one un-
divided fourth, to land in New Bedford bounding westerly
on Padanaram Avenue forty-five feet, and thence running
easterly more than one hundred feet to the waters of Clark's
Cove. Manuel and Joseph were fishermen. Manuel and
his wife lived in a shanty on the southerly half of the land,
while Joseph and his wife lived in another shanty on the
northerly half of the land. The couples had difficulty with
each other, and Manuel and his wife, on June 7, 1946,
brought this petition in the Probate Court for partition of
the land. G. L. (Ter. Ed.) c. 241, § 2.

The judge entered a decree for partition by metes and

bounds, setting off half the land to the respondents Joseph and Mary Mello who desired to hold their shares as a unit, without division between them. The petitioners Manuel and Aldina Mello, contending that partition should have been made by sale and division of the proceeds, appealed. The judge filed voluntary findings of fact.

The primary method of partition is by division of the land itself by metes and bounds among the tenants in common. Until St. 1870, c. 257, and St. 1871, c. 111, § 1, later Pub. Sts. (1882) c. 178, § 65, a sale for the purpose of partition could not be ordered. *Ramsey* v. *Humphrey*, 162 Mass. 385, 386. *Clough* v. *Cromwell*, 250 Mass. 324, 330, 331. The existing statute intimates that sale may be ordered only of land "which cannot be divided advantageously." G. L. (Ter. Ed.) c. 241, § 31. See also § 6. In *Clough* v. *Cromwell*, 250 Mass. 324, 332, it was said, "The court must find by a preponderance of the whole evidence that the land cannot be advantageously divided before ordering a sale." In the present case, the petitioners contend that a sale should have been ordered. They contend that partition without sale would be impracticable because each of the resulting lots would be too narrow to permit carrying a boat from Padanaram Avenue past the shanty to the shore, the judge having found that the land is more valuable for fishermen's shanties than for any other use. But the record does not show that boats cannot be brought to and from the land by water. The judge found that "said premises can be fairly divided into two equal lots by a line running approximately east and west through the center." And he found that partition by sale might involve controversy and litigation, because of uncertainty as to whether the shanties are realty or personalty. Upon the facts found, there was no error in ordering partition by metes and bounds.

The petitioners contend that there was error in ordering the setting off to the respondents of half of the land by metes and bounds. But the setting off to the respondents of half of the land was expressly authorized by the words of G. L. (Ter. Ed.) c. 241, § 5, providing that "If two or

more co-tenants consent to hold their shares undivided, such shares may be so set off." The petitioners brought their petition jointly, and under the decree entered they take their half "subject to a future partition." G. L. (Ter. Ed.) c. 241, § 5. We do not understand that the petitioners contend that the judge had no power to set off half the land to the petitioners as a unit, if he were to set off the other half to the respondents. The contention of the petitioners really is that the partition should have been by sale and division of the proceeds.

Since we find no error in the decree, it is

*Affirmed.*