HILARY JEFFERSON *vs.* GEORGE D. FLYNN, JR.

Dukes County.   November 5, 1964. — December 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Real Property,* Partition. *Probate Court,* Partition proceeding, Decree, Appeal. *Words,* "Any part of the land."

In a proceeding for partition of land, an "interlocutory decree" of the Probate Court, appointing a commissioner to sell an undivided fractional interest of the petitioner and to pay over the net proceeds of the sale to him was, so far as concerned the petitioner, a final decree from which he could appeal. [166]

In G. L. c. 241, § 31, authorizing the Probate Court in a partition proceeding to order sold "the whole or any part of the land which cannot be divided advantageously," the words "any part of the land" mean a specific physical part of the land, not an undivided fractional interest in the land, and the Probate Court has no power to order sale of such an undivided fractional interest. [166–167]

In a proceeding by an alleged tenant in common for partition of land of which a respondent claimed to be the sole owner, nothing in G. L. c. 241, § 11, gave validity to a decree of the Probate Court ordering sale of the petitioner's undivided fractional interest in the land and payment of the entire net proceeds thereof to him. [167]

PETITION for partition of land filed in the Probate Court for the county of Dukes County on April 25, 1963.

Jefferson *v.* Flynn.

The case was heard by *Reynolds, J.*

*James A. Boyle,* for the petitioner, submitted a brief.

*Edward J. Flavin* for the respondent.

WILKINS, C.J.    This petition for partition alleges that the petitioner holds as tenant in common a 14/45ths "undivided part or share" of three lots in Edgartown, and lists thirteen other tenants in common holding various fractional interests, some very small.    The petition prays that partition be made of all the land according to law; and that a commissioner be appointed to make such partition and to make sale and conveyance of all or any portion of the land which the court finds cannot be advantageously divided, either at private sale or public auction, and to distribute and pay over the net proceeds in such manner as to make the partition just and equal.

George D. Flynn, Jr., who was not named as a respondent in the petition, filed an answer in opposition alleging that he holds title to the premises and praying that his interest and title be determined.

There is nothing in the record nor on the docket to show what kind of a hearing, if any, was held.    There is no report of material facts.    An "interlocutory decree" (G. L. [Ter. Ed.] c. 241, § 10) was entered which recited that all persons interested had been duly notified and that "the interests of all parties will be promoted by the sale of the 14/45ths interest claimed by the petitioner," and appointed a commissioner to whom it was ordered that there issue a warrant to sell and convey the 14/45ths interest at public auction for cash and to pay over the net proceeds to the petitioner.    No reference to Flynn was made in the decree. The petitioner alone appealed.

So far as concerns the petitioner, this was a final decree. See *Brown* v. *Bulkley,* 11 Cush. 168; *Wonson* v. *Wonson,* 14 Allen, 71, 81; *Savery* v. *Taylor,* 102 Mass. 509, 511.    An appeal now lies.

The sole issue is whether the decree in the form made was beyond the power of the Probate Court.    Apparently the judge was attempting to follow G. L. (Ter. Ed.) c. 241, § 31, which reads in part, "In partition proceedings the

Jefferson v. Flynn.

court may order the commissioners to sell and convey the whole or any part of the land which cannot be divided advantageously, upon such terms and conditions and with such securities for the proceeds of the sale as the court may order, and to distribute the proceeds so as to make the partition just and equal." *Clough* v. *Cromwell,* 250 Mass. 324, 331. *Batchelder* v. *Munroe,* 335 Mass. 216, 218. The decree, however, does not make partition but seeks to remove the petitioner, doubtless at a financial sacrifice, from ownership of his undivided interest in favor of whoever should buy it at auction. The brief for Flynn argues that the judge followed the mandate of § 31, and must have found that "The whole or any part of the land . . . cannot be divided advantageously." Such a finding could not serve to enlarge the power of the court. "The primary method of partition is by division of the land itself by metes and bounds among the tenants in common." *Mello* v. *Mello,* 322 Mass. 68, 69. The decree as made merely enables changing the name of one of the owners. The land will continue to be owned in the same proportions as before the petition. The phrase "any part of the land" means a specific physical part, not any share or interest in an undivided fraction of the real estate. See *Roberts* v. *Hagan,* 121 Va. 573, 579–580.

It has not been, and could not soundly be, contended that the decree can be supported as falling within G. L. (Ter. Ed.) c. 241, § 11,[1] relating to a dispute as to the ownership of a share. Flynn asserted an ownership of the entire real estate, not to the undivided 14/45ths of the petitioner. The judge ordered the selling price at the auction sale to be paid entirely to the petitioner. The factual basis of § 11 was not found to exist.

*Decree reversed.*

---

[1] "If the ownership of any share appears to be in dispute or uncertain, the court may, in its discretion, without determination of such question, order the partition to proceed by setting off the remaining shares, or by sale. The land not set off, or the proceeds of the share in dispute or uncertain, may be left for the parties entitled thereto in a further partition or distribution in such manner and upon such proceedings as the court may order. The interlocutory decree shall not preclude the parties sharing in the partition from any share to which they may be entitled in a subsequent partition or distribution."