MAUREEN W. PLATTS, trustee, vs. CHESTER J. WRONSKI.

Worcester. October 14, 1982. — December 14, 1982.

Present: HALE, C.J., CUTTER, & PERRETTA, JJ.

*Real Property*, Partition. *Probate Court*, Partition proceedings.

After entry of an interlocutory decree in a partition proceeding ordering
the property to be partitioned by sale and issuance of a warrant to a
commissioner directing him to sell the property, it was error for the
judge to accept and affirm a purported return of the commissioner
making a written finding that the land could be advantageously divid-
ed and recommending that the land be divided rather than sold, as
well as error for the judge to consider and rely on the transcript of
testimony before the commissioner in making a determination that the
land could be advantageously divided. [33-34]

PETITION for partition filed in the Worcester Division of
the Probate and Family Court Department on November
10, 1978.

The case was heard by *McManus, J.*

*John O. Mirick* (*Richard A. Sheils, Jr.*, with him) for the
plaintiff.

*Harry Zarrow* for the defendant.

HALE, C.J.  The plaintiff has appealed from a "judg-
ment" ordering a commissioner to make a partition by divi-
sion of a parcel of land of about 160 acres located in Sterl-
ing.  The following summary of the pertinent events leading
up to this appeal has been taken from the appendix and
from the original papers, which we ordered brought before
us.  Mass.R.A.P. 18, as amended through  378 Mass. 944
(1979).

The defendant and his three brothers were the owners of
the 160 acre parcel and on November 10, 1978, the three
brothers filed a petition for partition of the land in the Pro-
bate Court.  A citation was issued on November 17, 1978,

which was returnable on December 19, 1978. Its accompanying order directed service to be made by certified mail and publishing. The return day was later changed to February 6, 1979, the citation was duly served, and present counsel for the defendant filed an appearance. In the meantime, the three brothers conveyed their three-fourths undivided interest in the land to Maureen W. Platts, trustee, who, on February 13, 1980, was substituted as plaintiff in place of the three brothers. Her present counsel filed an appearance on her behalf.

On March 13, 1980, an interlocutory decree was entered adjudging that the "land cannot be advantageously divided and that the interests of all parties will be promoted by the sale thereof." It also ordered that one Donald F. Ricker be appointed commissioner and that a warrant be issued to him to sell the land at private sale for not less than $275,000. A warrant was issued forthwith pursuant to the decree. Mr. Ricker filed a surety bond in that amount which was approved by the court on the thirteenth.

On November 19, 1980, the commissioner filed his "findings" which related that on two occasions he had heard "testimony and evidence given by both parties to the petition for partition" and that he had considered their submissions in making his findings of fact. He reviewed the argument of the plaintiff that the land should be sold and the argument of the defendant that the land be divided. He decided that the land could be advantageously divided. He then expressed his views of certain principles of law relating to the partition process in which he stated (we believe incorrectly) that it was "incumbent upon the commissioners appointed by the court to first consider a division of the land." He reported, "[I]t is my decision that the commissioner herein desires to direct a partition of the property because the property can be advantageously divided rather than have a sale." He set out in general terms how he would divide the land. Both parties filed objections to the report. In addition, the plaintiff moved to recommit, and the defendant moved for further findings. On March 16, 1981, the mat-

ter was recommitted to the commissioner "for a review of all matters."[1]

On June 11, 1981, the commissioner filed his "decision" in which he related that he had walked over the land, and viewed its characteristics during which time the attorneys for each party proposed how the land should be divided. The commissioner then determined and again concluded that the division be made. On this occasion, his description of the bounds dividing the property was more specific. Despite this specificity, he noted that at least one line would have to be determined by a surveyor. This report also evoked several objections from the plaintiff, who claimed that "this finding is not supported by credible evidence, and specifically lacks any subsidiary finding as to the value of the land and the location of gravel on the land . . . ." The plaintiff's memorandum in support of this contention argued that the land should be sold and the proceeds divided but made no mention of the interlocutory order that had directed this to be done. The defendant moved for judgment on the report of the commissioner.

On August 31, 1981, the judge filed a document bearing the title "Judgment" in which he stated that he had considered the commissioner's reports and recommendations and had reviewed "all the evidence and transcripts of testimony" before the commissioner. The judge made a finding in the so called "Judgment" that "the land can be advantageously divided and that the commissioner's division is fair, just and equitable and that the division of property contained in the 'commissioner's decision with regard to the request for additional findings' be and is hereby affirmed." Additionally, the "Judgment" instructed the parties to prepare deeds conveying the property in conformance with the decision. No mention was made by the judge of his interlocutory order dated March 13, 1980, and nothing in

[1] On this same day, a motion to vacate the requirement for a commissioner's bond was filed to be "reinstated only in the event that a sale is ordered." The motion was allowed.

the record discloses that it was ever vacated. The only appeal before us is from the foregoing "Judgment."

The history of this case reveals that the statutory procedure for partition actions set out in G. L. c. 241, while proper through the issuance of the warrant, was not thereafter followed. The court issued an interlocutory decree under G. L. c. 241, § 10, which ordered that the property be partitioned by sale for not less than $275,000, and then issued a warrant to the commissioner under § 12 on March 13, 1980, which in effect directed him to proceed with the partition pursuant to the interlocutory decree. That decree was final in nature, appealable as of right by either or both of the parties. *Jefferson* v. *Flynn,* 348 Mass. 165, 166 (1964). *Asker* v. *Asker,* 8 Mass. App. Ct. 634, 635 (1979). Neither party appealed from the interlocutory decree, and its validity is not before us.

The actions taken by the commissioner following the court's issuance of the warrant to him form the source of the procedural impropriety of this case. Some months after the warrant issued mandating that he sell the property, the commissioner appears to have decided to take the previously adjudicated issue of whether that land could be partitioned by advantageous division into his own hands and held two hearings. Based on those hearings, the commissioner made a written finding that the land could be advantageously divided and proposed a division. After remand for additional findings, the commissioner filed a "decision" which indicated his desire to divide rather than sell the land.

The commissioner's actions were in direct contravention of the court's order that he sell the property, and its express finding that the land could not be advantageously divided. It was no part of the commissioner's duty to decide how to make the partition. *Clough* v. *Cromwell,* 250 Mass. 324, 330 (1924). The warrant prescribed the commissioner's duty, which was to sell the land, and empowered him only to act accordingly. *Id.* at 329-330. The commissioner, in the circumstances, had no authority or power to propose a partition by division. Had he found it impossible to make par-

tition by sale, the commissioner could have reported that to the court (*id.* at 331) which, after appropriate proceedings, could determine whether to modify the original decree. Neither of the two documents filed by the commissioner could be regarded as such a report, as it does not appear that the commissioner made any attempt to sell the property as mandated by the warrant. For the foregoing reasons, it was error for the judge to accept and affirm the purported return of the commissioner.

There was also error in the judge's acceptance and consideration of the transcript of testimony before the commissioner and in his reliance on it in making a determination that the land could be advantageously divided. "The testimony heard by the commissioners is not a part of the record in the case and should not be considered by the judge in deciding whether the partition should be by [division]. The responsibility of deciding whether real estate is to be divided or sold is upon the Probate Court. The decision must be made upon legal evidence to which the parties have the right to object." *Clough* v. *Cromwell*, 250 Mass. at 330. See 2 Newhall, Settlement of Estates §§ 308-314 (4th ed. 1958). We need not consider now whether this decision was correct or justified. On remand, any reconsideration should conform with the established procedures, and any revision of the interlocutory decree should be supported by careful findings dealing with the apparent difficulty of a partition of this property other than by sale.

The "Judgment" entered on August 31, 1981, is vacated, and the case is remanded to the Probate Court for further proceedings. Neither party is to have costs of appeal.

*So ordered.*