WALTER U. KAUPPILA & another[1] *vs.* GLENN KAUPPILA & another.[2] No. 90-P-309. November 21, 1990. *Real Property*, Partition, Sale. *Probate Court*, Partition proceedings.

In this action for partition, a judge of a Probate Court allowed a commissioner's motion to set a base price of $500,000 for sale at public auction of a tract of land located in the towns of Paxton and Holden. The parcel is held by the parties as tenants in common, a two-thirds interest in the petitioners and a one-third interest in the respondents.

The auctioneer's printed terms and conditions for the auction required that the high bidder tender a $25,000 nonrefundable deposit and execute a purchase and sale agreement, with the high bid to be presented to the Probate Court for confirmation. The printed terms and conditions also provided, in pertinent part: "Court established minimum bid: $500,000." The auctioneer's notice of the auction in a local publication, however, did not mention that a minimum bid had been established by the Probate Court.

There were no bids at $500,000 at the auction. Thereupon, the commissioner, over the objection of the petitioners, instructed the auctioneer to accept lower bids. The eventual high bid was $202,000. The commissioner accepted that bid and a $25,000 deposit check. He executed a purchase

[1]Kauko S. Kauppila.
[2]Neil Kauppila.

and sale agreement which was made subject to approval by the Probate Court.

The petitioners moved to disaffirm the high bid claiming that it did not reflect the highest price obtainable at auction. They argued that there was a material misunderstanding by several potential bidders as a result of the base price set by the judge and communications made by the auctioneer as to the minimum bid requirement. The motion was supported by affidavits of four potential bidders indicating that they would have bid if they had known that bids under $500,000 could be made. The respondents did not file opposing affidavits.

The judge denied the motion and entered an order instructing the commissioner to accept the high bid and to transfer the property to the high bidder.[3] The judge found that "[t]he auction was duly and properly advertised."

This was error. The minimum bid requirement, imposed by court order, may have restricted the pool of prospective bidders. By waiving the minimum bid requirement at the auction, the commissioner without court approval changed the conditions of the sale. This he had no authority to do. See *Platts* v. *Wronski*, 15 Mass. App. Ct. 30, 33-34 (1982). The proper course would have been for him to report to the judge the fact that he was unable to sell the property at the base price and to request modification of the original order.

The order instructing the commissioner to accept the high bid and to transfer the property is reversed. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*

*Robert R. Waldo*, for the plaintiffs, submitted a brief.

---

[3]That order was stayed by a single justice of this court.