VERNON S. RIVET *vs.* PATRICIA TRAVAGLIA & another.[1] April 27, 2010. *Supreme Judicial Court*, Superintendence of inferior courts. *Moot Question.*

The petitioner, Vernon S. Rivet, appeals from a judgment of a single justice

---

[1]Deborah L. Rivet.

of this court denying relief pursuant to G. L. c. 211, § 3. Rivet had sought an order from the single justice restraining an auction of certain real property. The auction had been ordered by a judge in the Probate and Family Court as a means of partitioning the property. By the time the single justice ruled on the petition, however, the auction already had occurred. We dismiss the appeal as moot.

It is unclear whether the petitioner intended the documents he filed in this court to be a brief or a memorandum and appendix under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Regardless, the appeal is moot because the auction already has occurred. *Flaherty, petitioner*, 452 Mass. 1020, 1020 (2008), citing *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001).

The single justice also correctly determined that, even if the matter had not become moot, relief under G. L. c. 211, § 3, was not warranted. The petitioner was obliged to demonstrate that alternative avenues of relief either did not exist or were inadequate. E.g., *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003-1004 (2000). He failed to meet his burden. He could have, for example, appealed to the Appeals Court from the Probate and Family Court judge's order "directing a commissioner to make a partition by sale of certain land," *Delta Materials Corp.* v. *Bagdon*, 33 Mass. App. Ct. 333, 333 (1992), and sought a stay of the order pending appeal.[2] See Mass. R. A. P. 6 (a), as appearing in 454 Mass. 1601 (2009).

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Vernon S. Rivet*, pro se.

---

[2]We do not address additional "issues, arguments, and requests for relief that were not before the single justice." *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998). The petitioner's filings before this court appear to challenge certain rulings of the Probate and Family Court and the Land Court. It is not apparent whether the petitioner has pursued other remedies that are or were available.